## CIRCUIT COURT OF BALTIMORE CITY.

Filed April 25, 1910.

MICHAEL F. DINNEEN
VS.
FRANK G. TURNER.

*W. S. Symington, Jr.,* and *Gans & Haman* for plaintiff.

*Lemmon & Clotworthy* and *George Whitelock* for defendant.

STOCKBRIDGE, J.—

The bill of complaint in that case, after a circumstantial recital of a considerable number of transactions, concludes with prayers as follows:

(1) That the court will assume jurisdiction for the enforcement of an accounting between the parties;

(2) For discovery as to certain matters in aid of the accounting;

(3) The payment of the sum which shall be shown to be due by the accounting, and

(4) For general relief.

The answer, starting in paragraph 1 and concluding in paragraph 29 sets up the lack of four persons as necessary and proper parties to the proceeding. This answer was filed on January 10th, 1910, and the next proceeding was the general replication filed March 17th, 1910.

The court is now asked to pass in limine upon the question of parties to the proceeding. There is some divergence of view apparently between the solicitors for the parties as whether the relation of cestui que trustent and trustee existed between the plaintiffs and defendant or not. The question now raised is one fully covered by Sec. 176 of Art. 16 of the Code.

Upon the filing of the answer suggesting lack of proper parties the plaintiffs were entitled within fifteen days to set the case for argument upon that objection only. They did not do so, but by filing the general replication

and setting the cause for hearing, assumed the responsibility for having made the proper parties, under the penalties which Section 176 provides.

In such a situation, and with such diverse views as to the relationship in which the parties stood to one another, the court will not in advance of the evidence undertake to pass upon the question of parties.